The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, Arkansas 72116-5232
Dear Representative Vess:
This official Attorney General opinion is rendered in response to questions you have raised concerning the dual agency of real estate agents.
Your questions are based upon a factual scenario in which the purchasers in a real estate development confront the developer with various charges of building violations, among which are: building a substandard development; developing a residential subdivision in direct violation of the land use regulations of the local community; problems with infrastructure systems throughout the subdivision; and failure to construct using the design and oversight of a licensed engineer. Through independent sources, the principal broker at the local real estate agency is aware of these allegations and of the conflict between the purchasers and the developer. The broker is also aware of the subsequent lawsuit filed by the purchasers.
On the basis of this scenario, you have presented the following questions:
 (1) Are the provisions of the waiver of dual agency conflict-of-interest in the offer/acceptance form that is used by the Arkansas Realtors' Association limited to only those conflicts which arise from information which the agent receives in confidence from either the seller or the purchaser, or does the waiver extend to all conflicts of interest which arise from any source?
 (2) If the response to the foregoing question is the latter, then is the dual agent really acting in the capacity of an "agent"? That is, if the provisions of the offer/acceptance contract are binding and not contrary to law or policy, then has not the agent basically disclaimed on the most important duties of an agent?
 (3) Must a dual agent make full disclosure of a fact situation such as the one outlined above before informed consent to dual agency can be given by both the buyer and the seller? Is consent to a dual agency transaction void as against public policy absent full disclosure notwithstanding any contrary language in the offer/acceptance?
 (4) Must or should real estate agents in a dual agency transaction engage in the same type of objective conflict-of-interest analysis that lawyers do (or should do) prior to engaging in the representation of competing interests?
 (5) Does the language of the dual agency disclosure and consent provision in the offer/acceptance form that is used by the Arkansas Realtors' Association allow the dual agent the discretion to determine which defects should be disclosed, or must the agent make full disclosure so that the purchaser can determine what defects are material?
 (6) If the dual agency disclosure provision in the offer/acceptance form that is used by the Arkansas Realtors' Association purports to waive a seller's and purchaser's right to be made aware of non-confidential facts and circumstances such as those outlined in the fact situation set forth above, is this provision void as against public policy?
 (7) If a dual agent does have a duty to make full disclosure to all parties, then even if the sellers are already aware of facts such as those outlined in the fact situation above, does a dual agent breach his duty to the sellers if he does not disclose to them that he has a duty to provide the information to the purchasers?
 (8) Does the "Disclaimer of Reliance" in paragraph 15 of the offer/acceptance form that is used by the Arkansas Realtors' Association negate a dual agent's duty to keep his principals fully informed of all matters important to the principals' interests?
RESPONSE
Question 1 — Are the provisions of the waiver of dual agencyconflict-of-interest in the offer/acceptance form that is used by theArkansas Realtors' Association limited to only those conflicts whicharise from information which the agent receives in confidence from eitherthe seller or the purchaser, or does the waiver extend to all conflictsof interest which arise from any source?
You have provided a copy of the offer/acceptance form that is used by the Arkansas Realtors' Association. Section 21C of that form sets forth the dual agency waiver provision. It states:
 Seller and Buyer hereby acknowledge and agree that the listing and the Selling Agency Firm are the same and all licensees associated with the Listing and the Selling Agent Firm are representing both Buyer and seller in the purchase and sale of the above referenced Property and that Listing/Selling Agent Firm has been and is now the agent of both Seller and Buyer with respect to this transaction. Seller and Buyer have both consented to and hereby confirm their consent to agency representation of both parties. Further, Seller and Buyer:
 (i) agree that the Listing/Selling Agent Firm shall not be required to and shall not disclose to either Buyer of Seller any personal, financial or other confidential information concerning the other party without the express written consent of that party. This restriction excludes information related to defects in the Property which should, at Listing/Selling Agent Firms' discretion, be disclosed. Confidential information shall include but not be limited to any price Seller is willing to accept that is less than the offering price or any price the Buyer is willing to pay that is higher than that offered in writing.
 (ii) by selecting this option 21C, Buyer and Seller acknowledge that when Listing/Selling Agent Firm represents both parties, a conflict of interest exists, and Seller and Buyer further agree to forfeit their individual right to receive the undivided loyalty of Listing/Selling Agent Firm.
 (iii) waive any claim now or hereafter arising out of any conflicts of interest from Listing/Selling Agent Firm representing both parties. Buyer and Seller acknowledge the Listing/Selling Agent Firm verbally disclosed that the Listing/Selling Agent Firm represents both parties in this transaction, and Buyer and Seller have given their written consent to this representation before entering into this Real Estate Contract.
Real Estate Contract used by the Arkansas Realtors' Association, § 21C.
The Attorney General has a long-standing policy against engaging in the construction of contracts. Because the above-quoted contractual provision about which you have inquired does not directly address your question, the language of the provision would have to be construed in order to answer the question. For this reason, I am unable to opine with regard to this matter.
Question 2 — If the response to the foregoing question is the latter,then is the dual agent really acting in the capacity of an "agent"? Thatis, if the provisions of the offer/acceptance contract are binding andnot contrary to law or policy, then has not the agent basicallydisclaimed on the most important duties of an agent?
Because I have declined to construe the waiver provision of the contract under consideration, I am unable to state its significance or specific effect with respect to any of the parties to that contract.
Question 3 — Must a dual agent make full disclosure of a fact situationsuch as the one outlined above before informed consent to dual agency canbe given by both the buyer and the seller? Is consent to a dual agencytransaction void as against public policy absent full disclosurenotwithstanding any contrary language in the offer/acceptance?
A real estate agent, whether or not he or she is a dual agent, should make full disclosure to the client of a fact situation such as the one you have described. The duty to do so arises from several sources of law.
First, agents are bound by the obligations imposed upon them generally by the common law that has developed in the area of agency. It is well-established that a fiduciary relationship exists between a principal and an agent. Dent v. Wright, 322 Ark. 256, 261, 909 S.W.2d 302 (1995). Black's Law Dictionary describes a fiduciary relationship as one in which
 there is special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to interests of one reposing the confidence. . . . Out of such a relation, the law raises the rule that neither party may exert influence or pressure upon the other, take selfish advantage of this trust, or deal with the subject-matter of the trust in such a way as to benefit himself or prejudice the other except in the exercise of the utmost good faith and with the full knowledge and consent of that other, business shrewdness, hard bargaining, and astuteness to take advantage of the forgetfulness or negligence of another being totally prohibited as between persons standing in such a relation to each other.
BLACK'S LAW DICTIONARY, 5th ed. Because Arkansas law recognizes the principal-agent relationship as being a fiduciary one, the above-quoted description would apply to that relationship, and would require full disclosure of information such as you have described.
The agent's duty of disclosure is also reflected in Comment (b) to the Restatement of Agency 2d, § 392, to which you referred in your question. That comment states:
 b. Disclosure. One employed as agent violates no duty to the principal by acting for another party to the transaction if he makes a full disclosure of all relevant facts which he knows or should know, or if the principal otherwise knows of them and acquiesces in the agent's conduct. See Comment a on s 390. The agent's disclosure must include not only the fact that he is acting on behalf of the other party, but also all facts which are relevant in enabling the principal to make an intelligent determination, such as the prior relations between the agent and the other party, and the knowledge or lack of knowledge by the other party that the agent is acting for the principal. The agent, however, is under no duty to disclose, and has a duty not to disclose to one principal, confidential information given to him by the other, such as the price he is willing to pay. If the information is of such a nature that he cannot fairly give advice to one without disclosing it, he cannot properly continue to act as adviser.
Restatement of Agency 2d, § 392, Comment (b). This general principle of agency law reflects a requirement that agents make full disclosure of information about property that is under consideration.
Finally, the agent's duty to disclose arises out of the Real Estate Commission's Rules and Regulations. Under Regulation 10.6 of those rules, a licensed agent is required to ascertain pertinent facts about the property for which he or she has accepted the agency, so as to avoid misrepresentation to the public concerning the property. That regulation states:
10.6 Knowledge of Property.
 A licensee shall exert reasonable efforts to ascertain those facts which are material to the value or desirability of every property for which the licensee accepts the agency, so that in offering the property the licensee will be informed about its condition and thus able to avoid intentional or negligent misrepresentation to the public concerning such property.
AREC Regulation 10.6.
In addition, under Section 8.5 of the Arkansas Real Estate Commission's Regulations, agents are charged with the broad obligation of dealing faithfully and honestly with all parties to a transaction.
That section states in pertinent part:
8.5 Fidelity and Honest Dealing
 (a) In accepting employment as an agent, a licensee pledges to protect and promote the interests of the client or clients. This obligation of absolute fidelity to the interest of the client or clients is primary, but does not relieve a licensee from the equally binding obligation of dealing honestly with all parties to the transaction.
AREC Regulation 8.5.
The above-cited sources of law give rise to a duty on the part of all agents, whether dual or not, to make full disclosure of information such as you have described.
I note that this duty of disclosure of information about the property does not specifically arise out of the fact of the dual agency, and although the agent's failure to make such a disclosure could certainly give rise to a claim against the agent, the failure would not necessarily impact upon the validity of the dual agency itself.
The disclosure that is required by law to be made by real estate agents in connection with undertaking an agency relationship (whether dual or not) is the identity of the party or parties whom the agent is representing. See A.C.A. § 17-42-108(a)(1); Arkansas Real Estate Commission's Regulations, Sections 8.1, 8.2, and 8.3. Therefore, the informed consent to a dual agency is consent to the fact that the agent is representing the other party to a transaction, with knowledge of that other party's identity.
A party's consent to the dual agency is not contingent upon being informed of such information. Rather, it is contingent upon being informed of the fact that the agent is representing the other party to the transaction. For this reason, I conclude that a failure to disclose material information about the property under consideration does not affect the validity of a dual agency arrangement itself, since the disclosure of information of this nature is not a prerequisite to the dual agency. However, such a failure to disclose certainly could give rise to a claim against the agent on the basis of the other sources of law discussed above.
Question 4 — Must or should real estate agents in a dual agencytransaction engage in the same type of objective conflict-of-interestanalysis that lawyers do (or should do) prior to engaging in therepresentation of competing interests?
It is my opinion that the law of agency generally and the Arkansas Real Estate Commission's Regulations, discussed above in response to Question 3, specifically have the effect of placing real estate agents under an obligation to avoid irresolvable conflicts of interest.
More specifically, Section 8.5 of the Arkansas Real Estate Commission's Regulations, quoted previously, charges agents with the obligation of dealing faithfully and honestly with all parties to a transaction.
As also discussed previously, the general common law that has developed in the area of agency imposes upon agents certain obligations concerning dual representation. See, for example, Fennell v. Ross, 289 Ark. 374,711 S.W.2d 793 (1986), in which the dissenting opinion pointed out: "[I]n a dual capacity, each principal is protected from a disloyal agent by general principles of agency and partnership." Id. at 381 (Hays, J., dissenting), citing 4 A.L.R. 3d 224, "Dual agent — Notice to principal."). See also Dent v. Wright, 322 Ark. 256, 261, 909 S.W.2d 302
(1995) (fiduciary relationship exists between a principal and an agent).
Finally, the discussion of disclosure in Comment (b) to the Restatement of Agency 2d, § 392, also quoted previously, reflects the dual agent's duty to avoid harmful conflicts of interest.
These sources of law, in my opinion, impose upon the dual agent a responsibility to engage in a conflict of interest analysis prior to undertaking the agency, and to decline to undertake any dual agency that would present an irresolvable conflict of interest.
Question 5 — Does the language of the dual agency disclosure and consentprovision in the offer/acceptance form that is used by the ArkansasRealtors' Association allow the dual agent the discretion to determinewhich defects should be disclosed, or must the agent make full disclosureso that the purchaser can determine what defects are material?
A response to this question, like Question 1, would require a construction of the provision of the referenced contract. For the reasons stated in response to Question 1, I am unable to respond to this question.
Question 6 — If the dual agency disclosure provision in theoffer/acceptance form that is used by the Arkansas Realtors' Associationpurports to waive a seller's and purchaser's right to be made aware ofnon-confidential facts and circumstances such as those outlined in thefact situation set forth above, is this provision void as against publicpolicy?
Because the answer to this question will turn upon the construction of the referenced contract, and because I am unable to engage in such a construction for the reasons stated in response to Question 1, I am unable to respond to this question.
Question 7 — If a dual agent does have a duty to make full disclosure toall parties, then even if the sellers are already aware of facts such asthose outlined in the fact situation above, does a dual agent breach hisduty to the sellers if he does not disclose to them that he has a duty toprovide the information to the purchasers?
The answer to this question will depend upon the particular provisions of the contract under consideration and would require a review and interpretation of the provisions of that contract that address the agent's duty of disclosure and the principals' waiver. It is likely that if, within the context of a particular contract, a dual agent is under obligation to disclose information such as that outlined in the fact situation above, the principals, by accepting the dual agency, may have consented to the disclosure of such information to all parties. Again, however, a definitive answer will depend on the specific language of the particular contract.
Question 8 — Does the "Disclaimer of Reliance" in paragraph 15 of theoffer/acceptance form that is used by the Arkansas Realtors' Associationnegate a dual agent's duty to keep his principals fully informed of allmatters important to the principals' interests?
Because the answer to this question will turn upon the construction of the referenced contract, and because I am unable to engage in such a construction for the reasons stated in response to Question 1, I am unable to respond to this question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh